No. 2665.—SAMUEL M. DAVIS *v.* HENRY C. THOMAS—CATLIN,
Intervenor.

A leased a plantation in the parish of Concordia to B for a fixed amount as the rent for one year. In the month of May the lessee sold to a third party all the work animals, carts, plantation supplies, etc. In the month of June following, the lessor caused them to be provisionally seized on affidavit showing that the third purchaser was about to remove them off the place, and defeat his lien thereon for the payment of the rent. The third party, who had purchased the property from the lessee after the lease had been given, intervened, and claimed the ownership of the personal property which had been seized at the suit of the lessor.

Held—That the privilege of the lessor for the payment of the rent having attached to the work animals, agricultural implements, etc., before the sale by the lessee to the intervenor, he could not, although he was the owner, defeat the seizure; further, that it not being made out clearly that the sale was genuine and that the intervenor was the real owner of the property, he could not be adjudged to be entitled to the residuum after paying the lien thereon.

APPEAL from the Thirteenth Judicial District Court, parish of Concordia. *Hough, J.* W. B. *Spencer,* curator *ad hoc,* for plaintiff and appellee. *A. N. & H. Ogden* and *Farrar & Reeves,* for intervenor and appellant.

TALIAFERRO, J. The plaintiff, by his agent Smith, leased a plantation to the defendant for the year 1867 for $7000. The contract was entered into on the fifteenth of January, 1867. On the eleventh of May following, Thomas sold to Catlin all the work animals, agricultural implements, carts, plantation supplies, etc. In consideration whereof Catlin bound himself to furnish from time to time, as they might be needed, the supplies necessary for carrying on the cultivation

during the lease. And for the further consideration of the one-third part of the proceeds of the crop, after deducting all expenses, Catlin was obligated to devote his time to the management and supervision of the plantation. On the third of June succeeding this agreement between Thomas and Catlin, Smith, the plaintiff's agent, took out a provisional seizure upon an affidavit that he believed Thomas was about to run off from the place all the personal property on the plantation subject to his lien and privilege, and dispose of it for his own benefit. A seizure was made of all the property claimed as subject to the plaintiff's lien, and it was appraised by the sheriff's inventory at $9330. On the third of July Catlin filed his intervention. A curator ad hoc was appointed to represent the plaintiff, and one to represent the defendant. Thomas, the defendant, by his curator answered on the twenty-ninth of November, 1867. The litigation was protracted. The curator appointed for the plaintiff filed his answer to the intervention in October, 1869. The stock, mules, oxen, etc., expensive to keep, were sold under an order of court in January, 1868, and the proceeds held subject to the decision of the case.

The plaintiff had judgment against the defendant for $7000, with five per cent. interest from fifteenth November, 1867, with recognition of privilege upon the personal property (or its proceeds) seized under the writ. The intervenor's claims were rejected and his intervention dismissed. The court reserved to him the right to set up in a direct action against the plaintiff any claims he may have against him in damages arising from the provisional seizure of the property.

The intervenor has appealed. There are numerous bills of exception in the record, which in a decision of this case we do not consider it important to examine. We see no error in the judgment. The property which the intervenor claims to have purchased from Thomas, the plaintiff's lessee, was clearly the property of Thomas, and placed by him on the leased premises before the time at which the intervenor alleges he purchased from him. The intervenor's ownership of the property, as against the plaintiff, was not made out to the satisfaction of the judge a quo. But if he became the owner, it is clear that he became so after the lessor's privilege had attached. There was no contract of any kind between the plaintiff and the intervenor. The latter could not oppose the exercise by the former of his privilege upon the property seized. The intervenor's pretension to the right of setting up damages he alleges he has sustained by the acts of the lessor, in compensation of the rent due the lessor by the defendant, we do not consider well founded. This being the chief ground upon which he intervened, we think the court properly disregarded his claims.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs